**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-00461-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Shane Kelly McEntire, | |
| Defendant. | |

Defendant, Shane McEntire has filed a Motion to Quash Warrant and Request a Hearing Date. (Doc. 69). The Government has filed a Response. (Doc. 70). Defendant McEntire has not filed a Reply and the time to do so has now lapsed. The Court, considering the Motion and Response, will deny the Motion.

On August 31, 2022, this Court revoked Defendant McEntire's supervised release term and ordered him to serve four-months in custody for violating his terms of supervised release.[1] Apparently, in October, 2023, while on his second supervised release term, he was sentenced to a five-year state term for a drug offense. (Doc. 68). Consequently, a Petition was filed by the U.S. Probation Office seeking a warrant to revoke Defendant McEntire's supervised release. (Id.). He now moves the Court to quash this warrant and for a hearing date. (Doc. 69). He states that "due to the detainer I am on a 3 yard with no programming or access to any rehabilitation[.]" He asserts that if the warrant is quashed,

---

[1] Defendant McEntire's three-year supervised release term was imposed as part of his sentence for Possession with Intent to Distribute Methamphetamine and Felon in Possession of a Firearm convictions. (Doc. 44).

he would have access to a 2 yard to finish his rehabilitation. (Id.).

The Government states that he "does not present an adequate justification for this Court to quash the warrant as he request.  Therefore, defendant's motion should be denied." (Doc. 70 at 1).  The Court agrees.

First, the Government asserts that defendant does not challenge the warrant as being unlawful.  Rather, he objects to an inability to participate in certain state correctional facility programs because a federal warrant is pending.  This Court has no authority to dictate the contours of a state correctional program or who may participate in them.

Second, the Government is not constitutionally required to writ a defendant out of state custody to bring him into federal custody while he is serving a state sentence. *See United States v. Garrett*, 253 F.3d 443, 449 (9th Cir. 2001).  So, if a federal detainer and warrant is pending, the federal government is within its discretion to wait until the Defendant is released from state custody to execute on that federal detainer. *Id.*  In this case, the Government has not yet executed on the warrant so there is nothing for the Court to further consider.  Accordingly,

**IT IS ORDERED** denying Defendant's Motion (Doc. 69).

Dated this 30th day of December, 2024.

Honorable Diane J. Humetewa
United States District Judge